OVERTON, J.
 

 Defendant was indicted for murdering Floyd McAlpin. He filed á plea of insanity at the time of the commission of the crime. The lunacy commission found him sane at the time of the homicide, and, although not convoked for that purpose, found him sane at the time of the commission’s examination of defendant. Defendant went to trial on the plea of insanity as a defense, and, the jury having failed to agree, defendant then withdrew his plea of insanity as a defense, and went to trial on the plea of not guilty. The jury returned a verdict of manslaughter. This verdict and the sentence imposed thereon were, set aside on appeal to this court. State v. Harville, 170 La. 991, 129 So. 612. The effect of the verdict, however, was to acquit the defendant of murder. State v. Harville, 171 La. 256, 130 So. 348.
 

 After the case reached the lower court, to be tried upon the included offense of manslaughter, defendant moved to withdraw his plea of not guilty and file a plea of insanity at the time of the commission of the offense. This was overruled, and then defendant moved to withdraw his plea of not guilty and enter a plea of present insanity. This was also overruled. Defendant was then brought to trial upon the charge of manslaughter. There was a failure of the jury to agree, and a mistrial was entered. The state then moved for a change of venue. Upon trial of the motion, a change of venue was granted to the parish of Sabine.
 

 When the case reached the parish of Sabine, defendant again offered a plea of insanity at the time of the commission of the offense, which the court refused to entertain. Defendant then offered a plea of present insanity, which the court also refused to entertain. Defendant was then tried and found guilty of manslaughter, with a recommendation of mercy. It is from the sentence imposed that defendant prosecutes this appeal.
 

 One of the bills of exception reserved is to the refusal of the trial 1‘udge to entertain the plea of insanity as a defense, offered in the parish of Sabine. When the case first arose, defendant, as we have observed, filed a plea of insanity as a defense. The lunacy commission, as we have said, reported him sane at the time of the commission of the offense, and the jury impaneled to try the plea failed to agree, and a mistrial was entered thereon. Defendant then withdrew, as we have ob-' served, his plea of insanity, went to trial upon the plea of not guilty, and was convicted of manslaughter, which verdict was set aside, and the case remanded.
 

 Defendant was either sane or insane when he committed the offense. His mental condition at that particular moment cannot be changed by the lapse of time. When he withdrew his plea of insanity as a defense, and went to trial upon the plea of not guilty— a plea which cannot be tried, as appears from article 267 of the Code of Criminal Proce
 
 *663
 
 dure, until the plea of insanity is disposed of —he abandoned forever his plea of insanity as a defense. In fact, it might be said that, when this court remanded the case, it impliedly remanded it to be tried on the plea of not guilty, for that was the only plea in the case when it was remanded.
 

 Another bill of exception is -to the refusal of the court to entertain the plea of present insanity, also offered in the parish of Sabine, about 13 days before the trial. This plea is differently situated from the plea of insanity as a defense. There is no inconsistency between the two pleas, which are independent of each other. One may be insane at the time of the commission of the offense and sane at the time fixed for the trial, or vice versa, or he may be insane at both times or sane at both times. Also he may be sane at the first trial and insane at the time fixed for the second or third trial. Such being the ease, and as the law, as it has always done, at least, in modern times, accords to the accused the right to plead present insanity, that is, insanity as a reason for not being presently tried, we see no alternative but to hold that the court should have entertained the plea and ascertained in the manner prescribed by law whether defendant was then insane, and, having refused to do so, there is no alternative, in view of the fact that .the .Code of Criminal Procedure provides that the plea shall be disposed of prior to trial of the plea of not guilty, but to set aside the verdict, and remand the case. Code Cr. Proc. art. 267; Cf. State v. Watts, 171 La. 618, 131 So. 729.
 

 It may be observed that this is not a case, if such a case has ever been presented to a court, where the defendant, in the face of adverse findings and verdicts, seeks to defeat a trial by filing successive pleas of insanity as a reason for not being presently tried, where no reasonable time has intervened between the verdicts on the pleas of present insanity. In this instance, the first plea of present insanity was offered on March 12, Í931, over a year after the first trial on the plea of not guilty, and repeated about a month later. The court refused to hear either plea.
 

 The report of the lunacy commission, on December 2, 1929, in so far as relates to sanity at the time of the examination, cannot affect the point, here presented, not only because the report to that extent was ultra petitionem, but because it was not submitted to a jury, there being no plea filed of present insanity, and also because well over a year intervened between then and the filing of the present plea. Defendant may have been sane the first time he was brought to trial, and insane when the present plea was filed over a year later.
 

 We must presume that counsel were in good faith in offering the plea, and had reason to believe that their client was so deranged mentally .as to be unable, with their assistance, to present his ease.
 

 There are other bills of exception in the record, some of which have been impliedly abandoned by defendant. We find that none of them contains reversible error, including the bill overruling, without reference, the motion to recuse the trial judge, and the one to the ruling granting a change of venue.
 

 For the foregoing reasons, the verdict and the sentence appealed from are set aside, and this ease is remanded to be proceeded with according to law.