ODOM, J.
 

 A complete history of this case will be found by reference to State v. Harville, 173 La. 660, 138 So. 435.
 

 After the verdict of the jury was set aside and the case remanded for reasons set out in the decision referred to, relator applied for bail, which was refused for the reason that his plea of present insanity was still pending. Subsequently, he filed a motion in the district court “to withdraw plea of present insanity and substitute plea of not guilty or be given a speedy trial.”
 

 His motion to withdraw the plea of present insanity was overruled by the trial court; the result being that relator is now confined in jail and is not entitled to bail due to the pendency of that plea. He applied to this court for a writ of habeas corpus, setting out the facts as above stated, and alleges that the 'trial judge erred in refusing to permit him to withdraw his plea of present insanity. Whereupon we issued the following order:
 

 “Ordered that the Honorable John B. Hill, Judge of the Eleventh Judicial District Court, permit the defendant, Alfred Harville, to .withdraw his plea of present insanity for the purpose of entering a plea of not guilty, or let said Judge show cause to the contrary on . the 30th day of June, 1930.”
 

 In response to the above order, the judge, after reciting a history of the ease, says:
 

 “According to the ruling of your honorable court, if this court permitted the withdrawal of the plea of present insanity at this time and plead not guilty, he could legally withdraw his plea of not guilty three months hence when the next regular term of criminal court convenes and plead present insanity.”
 

 From this and other statements made in the return, it clearly appears that the judge is of the opinion that relator is trifling with the court, and that his sole purpose is to delay a trial of this case on the merits. The .judge may be correct in his conclusions, but the fact remains that, as a matter of law, relator has the right to withdraw or abandon his plea of present insanity.
 

 Every person charged with a crime or offense has the right to plead present insanity as a reason for not being presently tried. The plea is personal to him, and if, after entering such plea, he desires to waive or abandon it and stand trial on the merits, he may do so. We know of no law or rule of procedure prohibiting him from doing so.
 

 In State v. Harville, 170 La. 991, 129 So. 612, 613, we held that, “if he [the defendant I wished to withdraw the plea [of present'insanity], the court had a clear right to permit him to withdraw it,” and we said further: “There is no law prohibiting the trial judge from permitting an accused to withdraw a plea of insanity.”
 

 The respondent judge assigns 'no law or rule of procedure which prohibits an accused from withdrawing his plea of present insanity. His reason for refusing to permit relator to do so is that, after withdrawing the plea, he may, before trial on the merits can
 
 *461
 
 be had, file the same plea again. We think the judge need have no fear as to that, for the reason that relator asked to withdraw the plea in order that he might enter a plea of not guilty. Once the plea of not guilty is entered, it cannot be withdrawn for the purpose of filing some other plea without the consent of the court, under article 265 of the Code of Criminal Procedure, which reads:
 

 “Art. 265. The defendant may at any time, with the consent of the court, withdraw his plea of not guilty and then set up some other plea or demur or move to quash the indictment.”
 

 The judge seems to apprehend that relator might, after withdrawing his plea of present insanity, refuse to enter a plea of not guilty. The answer is that, the moment he withdraws the plea, he will stand before the court a sane man, and must, if required to do so by the judge, enter a plea of some kind, and the only ones open to him would be guilty or not guilty. If he stood mute, the judge is authorized to have the plea of not guilty entered for him. He could not then and there enter another plea of present insanity. An accused person will' not be permitted to say with one breath that he is sane and with the very next that he is insane. Such conduct would be a palpable jockeying with the court which no judge is expected or required to tolerate.
 

 It is therefore ordered that the Honorable John B. Hill, judge of the Eleventh district court for the parish of Sabine, permit the relator, Alfred Harville, to appear in court and withdraw his plea of present insanity for the purpose of entering a plea of not guilty, as prayed for by him.