ROGERS, Justice.
 

 The relator, A. Prudent Hebert, was charged with forgery. On arraignment he pleaded not guilty and, as he was unable to employ counsel, the court appointed J. O. Modisette, Esq., to represent him. On motion of the district attorney the case was fixed for trial three days later. The district attorney then suggested in open court that he had grounds for believing the defendant might be insane, and he presented an order, which the trial judge signed, appointing a lunacy commission for the purpose of determining whether the defendant was in such mental state as would permit him to go to trial.
 

 On the day fixed for the trial, the defendant, through his counsel, announced himself ready, but on motion of the district attorney the order fixing the case for trial was recalled. Alleging that the order appointing the lunacy commission was issued without his knowledge or consent and without any plea of insanity being tendered by him, defendant, through his counsel, moved to have the order rescinded. Defendant’s counsel also objected to the filing of the report of the lunacy commission and to any hearing on the question of present insanity without the intervention of a jury. After hearing argument on the motions and objections, the trial judge overruled them, and ordered that the report of the lunacy commission be filed. The medical experts then testified in support of their report, which was that defendant was presently insane, and were examined both by the court and by counsel for the defendant.
 

 As shown by the return of the respondent judge, in the course of the hearing, which was had on November 30, 1936, counsel for defendant requested that certain physicians which he named be summoned, and that the hearing be continued to some future date in order that their testimony might be taken. The court granted the request and directed the clerk of court to summon the physicians named by counsel for defendant and any other witnesses he might desire, and designated December 1, 1936, as the date to which the hearing would be continued. But, after the members of the lunacy commission had given their testimony, counsel for defendant abandoned his request for a continuance and gave notice of his intention to apply to this court for the appropriate writs.
 

 On defendant’s application a rule nisi with a stay order was issued, and the matter is now before us for review.
 

 Relator complains that the plea of present insanity was not tendered by him but by the district attorney without his consent; and, in the alternative, that the issue of present insanity should be determined by a jury and not by the trial judge. Relator’s complaints are unfounded.
 

 The procedure to determine criminal responsibility as affected by insanity is set forth in Act No. 136 of 1932 amending and re-enacting article 267 and repealing
 
 *313
 
 articles 268, 269, 270, 271, 272, and 273 of the Code of Criminal Procedure.
 

 Section 1 of Act No. 136 of 1932 reads in part as follows:
 

 “If before or during the trial the court has reasonable ground to believe that the defendant, against whom an indictment has been found or information filed, is insane, or mentally defective, to the extent that he is unable to understand the proceedings against him or to assist in his defense, the court shall immediately fix the time for a hearing to determine the defendant’s mental condition. The court may appoint two disinterested qualified experts in mental diseases to examine the defendant with regard to his present mental condition and to testify at the hearing.”
 

 After setting forth the qualifications, duties, and powers of the experts, the statutory provision declares: “The findings of the experts shall constitute the report of-the examination, and the report shall be , accessible to the District Attorney and to the attorney for the accused. Other evidence regarding the defendant’s mental condition may be introduced at the hearing by either party.”
 

 The second paragraph of section 1 of Act No. 136 of 1932 reads in part as follows:
 

 “If the court, after the hearing, decides that the defendant is able to understand the proceedings and to assist in his defense, it shall proceed with the trial. If, however, it decides that Jhe defendant through insanity or mental deficiency is not able to understand the proceedings or to assist in his defense, it shall take proper steps to have the defendant committed to the proper institution,” etc.
 

 In State v. Neu, 180 La. 545, 157 So. 105, Act No. 136 of 1932 was held to be constitutional.
 

 The district attorney did not tender a plea of present insanity. All that he did, as disclosed by the record, was to suggest to the court that he had grounds for believing that the defendant was presently insane and to ask the court to appoint a lunacy commission to inquire into the question of defendant’s sanity. Under the provisions of Act No. 136 of 1932, the court was authorized to do this upon the suggestion of the district attorney or of any other person or upon its own motion.
 

 Many years prior to the adoption of Act No. 136 of 1932 this court declared that: “It is as important that a person should not be required to plead to an indictment for crime or be tried for his life or liberty while he is insane as it is that he be not held responsible for the acts he committed while insane.” State v. McIntosh, 136 La. 1000, 68 So. 104, 105. See, also, State v. Reed, 41 La.Ann. 581, 582, 7 So. 132.
 

 The Legislature has recognized that fundamental legal principle, and by the adoption of Act No. 136 of 1932 has imposed the duty on the court, if before or during the trial, from observation, pleading, or suggestion, it becomes cognizant of facts which raise a doubt as to the ability of the defendant, by reason of insanity, to comprehend his position and make his defense, to determine defendant’s
 
 *315
 
 mental condition before proceeding with the case.
 

 Under the terms of the statute, the issue of present insanity may be determined by the trial judge alone. The fact that the defendant may be deprived of a hearing on the issue before a jury does not render the act unconstitutional, since it does not involve defendant’s guilt or innocence. State v. Neu, supra.
 

 A plea or suggestion of present insanity challenges the right of the state to proceed with the prosecution, and, if filed or made, before the trial by jury has commenced, it ought to be heard and decided by the trial judge before the prosecution is allowed to proceed. State v. McIntosh, supra.
 

 Relator contends that the right to raise the question of present insanity is purely personal and can only be heard and determined when defendant tenders that issue. State v. Harville, 175 La. 458, 143 So. 373, is cited in support of the contention.
 

 But the cited case arose prior to the adoption of Act No. 136 of 1932. At the time it was decided there was no statutory provision authorizing the trial judge to act on his own motion in the matter of present insanity. All that he could do was to appoint a lunacy commission to inquire into that question on a hearing provoked by the defendant.
 

 Under the law as it now exists in the provisions of Act No. 136 of 1932 a plea of present insanity by the defendant is not required to raise that issue. The trial judge may act on his own initiative whenever he has reasonable ground to believe that the defendant is presently insane or mentally defective. The Harville Case, therefore, is not applicable to this case.
 

 Relator refers to article 260 of the Code of Criminal Procedure and to the case of State v. Watts, 171 La. 618, 131 So. 729, as authority for the proposition that the issue of the defendant’s insanity, present or as a defense, when raised in felony cases, must be tried by a jury and cannot be waived by the defendant. But neither the codal article nor the cited case is applicable here.
 

 The Watts Case, like the Harville Case, arose and was decided prior to the adoption of Act No. 136 of 1932. That statute expressly repealed article 269 of the Code of Criminal Procedure requiring that every plea of insanity in felony cases must be tried by a jury and it also repealed, impliedly at least, article 260 of the Code of Criminal Procedure providing that in felony cases the defendant cannot waive trial by jury of his plea of insanity.
 

 The trial judge, in his return, sets forth that while he had stated he was of the opinion that if the lunacy commission found the relator presently insane he was bound, under the law, to appoint another commission, composed of the coroner and relator's family physician, to examine relator and if they found him insane to order his incarceration in the hospital for the criminal insane, he had also stated that his opinion might be changed on an examination of the law.
 

 Under the provisions of the second paragraph of section 1 of Act No. 136 of
 
 *317
 
 1932, the trial judge who finds the defendant to be presently insane is not necessarily required to commit him to the hospital for the criminal insane. His duty in such a case is to take the proper steps to have the defendant committed to the proper institution.
 

 Act No. 136 of 1932 requires that a hearing should be had on the issue of present insanity, in whatever form it may be raised. It is only after such a hearing that the trial judge can decide whether the defendant is, or is not, presently insane.
 

 From the record before us, it does not appear that a full hearing was had on the issue of relator’s present insanity. The only testimony heard on the issue was that of the medical experts composing the lunacy commission. No witnesses were produced by relator to rebut their testimony. That was because relator’s counsel was of the opinion that under the law the plea of present insanity was purely personal to him and that, in any event, the issue of present insanity could only be tried by the jury and not by the judge. That purely legal question has now been settled, and we see no reason why the hearing should not be completed and why the relator, if he is able to do so, should not be permitted to produce witnesses to rebut the charge that he is presently insane.
 

 For the reasons assigned, the rule nisi is discharged and relator’s application is denied, but with full reservation of his right to require the completion of the hearing on the issue of his present insanity and to produce such witnesses as he may see fit on that issue.