14 So.2d 678

**STATE v. SAMPLE.**

**No. 37119.**

June 21, 1943.

J. A. Williams, of Lake Charles, for relator.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and Edwin M. Fraser, Dist. Atty., of Many, for the State.

HIGGINS, Justice.

The relator, Dayton Sample, and his brother, George C. Sample, filed a petition in the district court alleging that the re-

lator, on May 20, 1939, was committed, by order of the district judge, to the East Louisiana State Hospital for the Insane at Jackson, Louisiana, where he is presently confined; that on or about January 16, 1943, Dr. Glenn J. Smith, the Superintendent of the State Hospital, reported to the district judge that the relator had recovered sufficiently and that he was able to understand the criminal proceedings pending against him on an indictment for murder and was able to assist in his defense thereof; and that under the express provisions of Article 267 of the Code of Criminal Procedure, as amended by Act No. 136 of 1932, it was the mandatory duty of the court to order a hearing, to determine whether or not he is able to understand the proceedings against him and to assist in his defense thereof. They prayed that a writ of mandamus issue to compel the judge to hear the matter.

The district judge declined to grant an order setting the matter for hearing on the ground that at the time the defendant was indicted for the murder of John M. Story on April 19, 1939, he asked through his counsel that a Lunacy Commission be appointed to determine the question of his sanity at the time of the killing and at the time of the proposed trial; that after a hearing on May 20, 1939, the judge ordered him confined to the Louisiana State Hospital for the Insane because of insanity at the time of the killing as well as at the time of the hearing; and that Article 267 of the Code of Criminal Procedure, as amended, invoked by the relator is inapplicable because its provisions only cover cases involving present insanity.

We granted the writ with a rule to show cause and the district judge in connection with his return here submitted the record which establishes the facts as above recited.

The pertinent part of Article 267 of the Code of Criminal Procedure, as amended by Act No. 136 of 1932, reads as follows:

"If the court, after the hearing, decides that the defendant is able to understand the proceedings and to assist in his defense, it shall proceed with the trial. If, however, it decides that the defendant through insanity or mental deficiency is not able to understand the proceedings or to assist in his defense, it shall take proper steps to have the defendant committed to the proper institution. If thereafter the proper officer of such institution is of the opinion that the defendant is able to understand the proceedings and to assist in his defense, he shall report this fact to the court which conducted the hearing. *If the officer so reports, the court shall fix a time for a hearing to determine whether the defendant is able to understand the proceedings and to assist in his defense.* This hearing shall be conducted in all respects like the original hearing to determine defendant's mental condition. If after the hearing the court decides that the defendant is able to understand the proceedings against him and to assist in his defense, it shall proceed with the trial. If, however, it decides that the defendant is still not able to understand the proceedings against him or to assist in his defense, it shall recommit [him] to the proper institution." (Italics ours.)

In the case of State v. Eisenhardt et al., 185 La. 308, 344, 169 So. 417, 430, this Court, in considering the defendant's pleas of present insanity and insanity at the time of the commission of the crime, stated with reference to Article 267 of the Code of Criminal Procedure, as amended by Act No. 136 of 1932, that paragraphs 1 and 2 of section 1 of that statute dealt with the present mental condition of an accused, and paragraph 3 of that section governed the plea of insanity at the time of the commission of the offense. The Court held:

"This act also clearly provides that the court, after hearing, decides the issue as to the present mental condition of the accused; but it does not provide that the court shall or may decide the issue of insanity at the time of the commission of the offense. That matter is left under the act to the jury for decision, and properly so, as it is a fact affecting the guilt or innocence of the accused.

\*     \*     \*     \*     \*

"As a court is without jurisdiction to try a person presently insane, no jeopardy attaches, and the court, on sustaining a plea of present insanity during the trial, may therefore discharge the jury and take proper steps to have defendant committed to the proper institution, as provided in the act. If, thereafter, the defendant regains his sanity, he may be tried, when that fact is determined after proper hearing. See second paragraph, § 1, Act No. 136 of 1932."

See also, State v. McIntosh, 136 La. 1000, 68 So. 104; State v. Neu, 180 La. 545, 157

So. 105; State v. Cannon, 185 La. 395, 169 So. 446; State v. Hebert, 186 La. 308, 172 So. 167.

Consequently when the defendant, now relator, through his attorney, in 1939, filed a plea of present insanity and a plea of insanity at the time of the commission of the alleged offense and submitted both pleas to the district judge, the court had jurisdiction and authority to hear and decide the issue of present insanity, but was without authority to pass upon the question of whether or not the accused was insane at the time of the commission of the alleged offense. This is a matter affecting the guilt or innocence of the accused and, under the law, is an issue that must be decided by the jury. The order of the court maintaining the plea of insanity at the time of the commission of the alleged offense is, therefore, illegal, null and void. It cannot be used as a basis by the court for refusing to grant the relator the benefits of the mandatory provisions of the amended article of the Code of Criminal Procedure in question.

Records containing a great deal of expert and lay testimony were introduced by the State to show that the relator, or accused, is a demented person with an inclination and disposition to kill others on imaginary grounds. This evidence is pertinent when the court conducts the hearing as to whether or not the defendant's mental condition has been restored to the extent that he can understand the proceedings and assist in his defense. "If after hearing the court decides" that the accused has recovered sufficiently, it shall proceed with

the trial and if it concludes that he has not sufficiently recovered his sanity, he shall be recommitted to the proper institution. The obvious purpose of the statute is to prevent the trial and punishment of an insane or demented person and at the same time protect the public against his unlawful acts or acts of violence.

For the reasons assigned, it is ordered, adjudged and decreed that the ruling of the trial judge is annulled and set aside and the writ of mandamus is made peremptory, and the Hon. Hal W. Burgess, Judge of the Eleventh Judicial District Court in and for De Soto Parish, is ordered and directed to hold a hearing as to the relator's present mental condition as provided by Article 267 of the Code of Criminal Procedure, as amended by Act No. 136 of 1932.