### HONAKER v. COX.

No. 382.

District Court, W. D. Missouri.

Aug. 26, 1943.

Seth S. Lacy, of Kansas City, Mo., for plaintiff.

Otto Schmid, Asst. U. S. Atty., and Maurice M. Milligan, U. S. Atty., both of Kansas City, Mo., for respondent.

REEVES, District Judge.

On June 28, 1943, the petitioner was brought before the court at Kansas City, Missouri, on his application for a writ of habeas corpus. It appeared from the averments of his petition and from his evidence that he had heretofore been sentenced on two different indictments in the Eastern District of Kentucky. The first indictment was numbered 8862 and under that indictment he was charged, under Section 317, 18 U.S.C.A., with mail robbery. There were several counts in the indictment. The court, upon his conviction, sentenced him on Count 1 of the indictment to five years in the penitentiary and by appropriate order made the sentences upon other counts of the indictment to run concurrently with Count numbered 1. Upon such sentence the petitioner was committed to one of the penitentiaries maintained and operated by the government.

On June 9, 1938, while confined in the penitentiary, the authorities of the government, upon examination of the prisoner, reached the conclusion that he was insane. Pursuant to such finding and conclusion the petitioner was transferred, in July of 1938, to the United States Medical Center at Springfield, Missouri.

After that had been done it appears that another indictment pending against him at Pikeville, Kentucky, remained undisposed of. The charge there was under Section 314, 18 U.S.C.A. The specific charge was the counterfeiting of keys to locks adopted by the Postoffice Department and in use. The petitioner was taken to Pikeville on October 11, 1938 and upon conviction was sentenced to an additional five years in the penitentiary. The order of the court made the sentence upon the last conviction to run consecutively to the sentence previously imposed on indictment in No. 8862 at Catlettsburg, Kentucky.

The petitioner contends in his petition (and he supported such averments by his testimony) that he did not have the benefit of counsel when he appeared to answer the charge against him at Pikeville on October 11, 1938. Moreover, he says that he was not competent to understand and appreciate the nature of the proceeding and that his incompetency and insanity had been so found by the federal authorities in June preceding such sentence.

1. Under the authority of Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, under the Sixth Amendment the petitioner was entitled to the advice of counsel unless he had intelligently and competently waived the right to have such assistance. The record here indicates that he had not.

2. Moreover, according to the record evidence as well as the evidence of the petitioner, the government through a proper agency had found the petitioner insane in June, 1938 before he appeared to answer the charge at Pikeville on October 11, 1938. The law presumes that the condition found by the authorities continued and

existed at the time he appeared to answer the second charge. This being true, the court would be without jurisdiction to dispose of his case until it appeared that the disability had been removed. If insane, and also without counsel, the court, upon the authorities, was without jurisdiction to dispose of the case. It would follow that the judgment of conviction was void and that so far as the second sentence is concerned, the petitioner would be entitled to his discharge.

3. The petitioner contends in his petition that the two convictions (one for mail robbery and the other for forging keys to post office locks) could not stand together. There is no merit in this point for the reason that it is obvious that upon both indictments a competent person could be convicted and sentenced on each if the facts warranted.

4. It would follow from the above that the charge at Pikeville was not properly disposed of in the proceeding which resulted in the additional sentence upon the petitioner. The indictment, however, would still pend. The petitioner asserts here, and that is not disputed, that he is now competent and that he has been cured of his insanity. If that be true, then the federal court for the Eastern District of Kentucky at Pikeville is vested with jurisdiction to make disposition of that case.

5. Under the authority of In re Bonner, Petitioner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149, Buie v. United States, 5 Cir., 76 F.2d 848, and Downey v. United States, 67 App.D.C. 192, 91 F.2d 223, the United States District Court for the Eastern District of Kentucky at Pikeville is vested with jurisdiction to dispose of the case. It would become the duty of this court, therefore, to delay a discharge until the court having jurisdiction of the case has had an opportunity to make proper disposition of the case or correction of its record, if such may be deemed proper.

Accordingly, it should be the order of this court that the petitioner be discharged from custody of the respondent subject to the provision, however, that the petitioner should be detained for a period of thirty days from the date of the filing of a proper order and subject to the further provision that he shall not be at all discharged by such order if within the period of thirty days the petitioner shall be held and returned upon an appropriate order from the Eastern District of Kentucky for further prosecution upon the indictment pending at Pikeville.

From the evidence presented, the following findings of fact are made:

1. That the petitioner was validly sentenced under indictment No. 8862 at Catlettsburg, Kentucky, on May 25, 1938, by a United States Judge having jurisdiction of the subject matter and the petitioner, to a term of five years in the penitentiary; that thereafter the petitioner was immediately committed to a government prison and entered upon the service of his sentence; and that, even with the loss of good time because of his mental incapacity, the petitioner has served the full five years.

2. That the petitioner was found to be insane in June, 1938 and was removed to the United States Medical Center at Springfield, Missouri, because of such insanity. Presumptively this insanity continued and existed at the time he was sentenced at Pikeville, October 11, 1938, on Indictment No. 293 for an additional term of five years.

3. That the petitioner was without counsel when sentenced at Pikeville on October 11, 1938 and did not intelligently and competently waive the right to counsel.

4. That at the time of the hearing on the application for writ of habeas corpus on June 28, 1943 the petitioner was competent and sane.

The following conclusions of law are stated:

1. The sentence imposed upon the petitioner at Pikeville on October 11, 1938 was void for two reasons, (a) the petitioner was insane, (b) the petitioner was not represented by counsel and had not intelligently and competently waived the right to have counsel.

2. The United States Court for the Eastern District of Kentucky, Pikeville Division, has pending an indictment against the petitioner, being numbered 293 and the petitioner now being sane, the court has jurisdiction to entertain the prosecution of the petitioner on said Indictment No. 293.

3. An order of discharge should now be made releasing the petitioner from custody subject to the condition that he be held for a reasonable time, namely, thirty days, until the authorities of the United States in the Eastern District of Kentucky have an opportunity to claim his custody for prosecution under Indictment No. 293.