Leon C. RUCKER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15989.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 9, 1960.

Decided Feb. 9, 1961.

Petition for Rehearing En Banc Denied
March 9, 1961.

Mr. Raymond N. Shibley, Washington, D. C. (appointed by the District Court), for appellant.

Mr. Daniel J. McTague, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee. Mr. Frank Q. Nebeker, Asst. U. S. Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, Chief Judge, and WASHINGTON and BURGER, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a sequel to our decision in Rucker v. United States, 1960, 108 U.S. App.D.C. 75, 280 F.2d 623. We there set aside an order committing Rucker to St. Elizabeths Hospital under D.C. Code, § 24–301 (Supp. VIII, 1960), after the trial court had found him not guilty by reason of insanity of two offenses charged in an indictment. We held that under the circumstances described in our opinion Rucker was "entitled to a new trial." We reversed and remanded the case with directions to award a new trial.

Just prior to the second trial, held under the same indictment, defense counsel moved to dismiss the indictment on the ground of double jeopardy. The motion was denied. The Government proceeded with its proof, before the court sitting without a jury. Defense counsel then read aloud, by stipulation with the prosecutor, the psychiatric testimony introduced on behalf of the accused at the first trial. Both sides then rested. The court, after hearing argument, found the accused not guilty by reason of insanity and ordered his commitment to St. Elizabeths. This appeal followed.

Appellant urges that he has twice been put in jeopardy, pointing out that in his first appeal he did not ask for a new trial, but rather a judgment of complete ac-

quittal, and that he expressly disclaimed any intention to waive his constitutional protection against being subjected to double jeopardy. Accordingly, he says, the indictment should have been dismissed, and he should have been restored to liberty.

■ We must disagree. Rucker's first appeal was not from a verdict and judgment of guilty, but from a judgment of not guilty by reason of insanity, and the resulting commitment. The latter judgment, as we pointed out in our prior opinion, "carried with it a finding that, except for the question as to his sanity defendant was guilty as charged." Id., 108 U.S.App.D.C. at page 77, 280 F.2d at page 625. Appellant there urged that the evidence did not support any such finding, and we agreed with him. His appeal was in substance, therefore, like an appeal from a guilty verdict not based on sufficient evidence. On such an appeal, the appellate court can award a new trial. Bryan v. United States, 1950, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335. This was properly ordered in Rucker's case. The alternative urged by appellant —that he should be completely released— is not compatible with the protection of the community or the sound administration of justice. It is not, in our view, required by the Constitution. There is here "no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed." See Wade v. Hunter, 1949, 336 U.S. 684, 688–689, 69 S.Ct. 834, 837, 93 L.Ed. 974. The Supreme Court's decision in Green v. United States, 1957, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, does not point to an opposite conclusion. There the accused was in substance acquitted of first degree murder, the jury remaining silent as to that charge, but was convicted of second degree murder. We ordered a new trial. Green was then found guilty of first degree murder, and appealed. The Supreme Court held that the original trial and verdict on the first degree murder charge barred a second trial on that charge. Here, of course, the accused has never been acquitted outright of either of the charges against him. At each of his trials, the court found that he committed the acts charged, but that by reason of insanity he should not be held criminally responsible.[1]

■■ We turn now to appellant's second point, which is similar to that raised in his earlier appeal, namely, that (apart from the question of insanity) the evidence did not establish that appellant was guilty beyond a reasonable doubt of the crimes with which he was charged. The first count of the indictment alleged that Rucker "made an assault on Dwight M. Ellis with intent to kill the said Dwight M. Ellis." The second count charged that Rucker had "in his possession, with the intent to use unlawfully against another, a rifle." Appellant urges that the Government failed to prove the requisite element of intent, as to either count. We disagree. The uncontradicted evidence showed that the accused purposely fired a rifle at or toward his stepson Ellis, without provocation or justification, narrowly missing him. This was certainly proof of possession of a rifle, with intent to use it unlawfully against another, even if it be assumed *arguendo* that Rucker intended merely to frighten or wound his stepson rather

---

1. A judgment of acquittal by reason of insanity is not by any means to be regarded as the equivalent of an unqualified acquittal. The British practice of finding a mentally-diseased defendant "guilty but insane" is perhaps a more accurate use of words. See Royal Commission on Capital Punishment, 1949–1953 Report at 156 (Cmd. 8392), cited by Goldstein and Katz, Dangerousness and Mental Illness, 70 Yale L.J. 225 at 228, fn. 15 (1960). The same article quotes Lord Kenyon as saying that "if a man is in a deranged state of mind at the time, he is not criminally answerable for his acts," adding, "I do not know that one can run the case very nicely; if you do run it very nicely, to be sure it is an acquittal." He then said "The prisoner, for his own sake, and for the sake of society at large, must not be discharged * * *." Trial of James Hadfield, 27 State Trials 1281, 1353–55 (K.B. 1800).

**148**

than to kill him. The judgment on the second count is amply sustained; the proof of mental disease was clear and unrebutted; and the court was justified in ordering Rucker's commitment to a mental hospital on the basis of the second count. Under the circumstances we need not pass on the sufficiency of the evidence on the intent aspect of the first count. Cf. Claassen v. United States, 1891, 142 U.S. 140, 12 S.Ct. 169, 35 L.Ed. 966; Kiyoshi Hirabayashi v. United States, 1943, 320 U.S. 81, 105, 63 S.Ct. 1375, 87 L.Ed. 1774.

Affirmed.