STATE of Missouri, Respondent,

v.

Leo James KENT, Appellant.

No. 58531.

Supreme Court of Missouri,
En Banc.

Oct. 14, 1974.

Rehearing Denied Nov. 12, 1974.

John C. Danforth, Atty. Gen., Daniel P. Card, II, Asst. Atty. Gen., Jefferson City, for respondent.

Joseph Langworthy, Pacific, for appellant Leo James Kent.

Eugene H. Buder, St. Louis, for amicus curiae, American Civil Liberties Union of Eastern Mo.

DONNELLY, Chief Justice.

On March 2, 1971, appellant was charged in the Circuit Court of the City of St. Louis with robbery in the first degree by means of a dangerous and deadly weapon. On April 15, 1971, at the request of appellant's counsel, the trial court ordered a psychiatric examination. The report of the psychiatric examination revealed (1)

that appellant lacked capacity to understand the proceedings against him or to assist in his own defense, and (2) that, at the time of the alleged criminal conduct, appellant did not know or appreciate the nature, quality, or wrongfulness of his alleged conduct and was incapable of conforming his conduct to the requirements of the law.

On December 7, 1971, the trial court entered the following order:

"Defendant appears in person and by his attorney Joseph Langworthy. State appears by Assistant Circuit Attorneys Robert Curran and Nels Moss.

"Pursuant to the Court sustaining defendant's motion for mental examination and defendant was given a mental examination and a report incorporating the findings and results of this examination were filed in this Court. Defendant has interposed the defense of Not Guilty by Reason of Mental Disease or Defect Excluding Responsibility, and, on this issue, both parties have stipulated that the aforesaid report of defendant's mental examination shall be admitted into evidence without objection.

"Having considered defendant's said defense, the aforesaid report, arguments of counsel and being duly advised in the premises, the Court finds that

"(1) The defendant has a mental disease or defect within the meaning of Section 552, which existed at the time of the alleged offense and it is still present.

"(2) The defendant, as a result of the mental disease or defect does not have the capacity to understand the proceedings against him or to assist in his own defense.

"(3) The defendant did not know or appreciate the nature, quality, or wrongfulness of his alleged conduct and was incapable of conforming his conduct to the requirements of the law.

"(4) It is estimated that this patient has been suffering from a mental disease or defect for at least two years, if not longer.

"Based upon these findings, and the State having waived the right of examination of the defendant by a psychiatrist of its own choosing, and having accepted the defense of mental disease or defect excluding responsibility as interposed heretofore by defendant, it is hereby ordered and directed that the defense of mental disease or defect excluding responsibility be sustained and the defendant be acquitted of the charge herein on the ground of mental disease or defect excluding responsibility; and it is further ordered that the defendant be ordered to the custody of the Director of Division of Mental Diseases for care and treatment in a State mental hospital and not to be released therefrom except on order from this Court upon a determination as provided by law."

On July 24, 1972, counsel for appellant filed a petition for writ of habeas corpus in this Court. Thereafter, in Ex Parte Leo James Kent, 490 S.W.2d 649 (Mo. banc 1973), this Court held that, on the record made in the trial court, appellant was unfit to proceed (under § 552.020, RSMo 1969, V.A.M.S., which deals with the question of an accused's mental fitness to proceed); that the order committing him (under § 552.040, RSMo 1969, V.A.M.S., which deals with the commitment after acquittal based on mental disease or defect) was invalid; and remanded the matter "for further proceedings in the trial court." Cf. State v. Sample, 203 La. 841, 14 So.2d 678 (1943).

After remand, the trial court ordered another psychiatric examination, and, on March 21, 1973, a report was filed containing the following findings and recommendation:

"FINDINGS

"1) That the accused has a mental disease or defect within the meaning of

Section 552.010, which existed at the time of the alleged offense and it is still present.

"2) That the accused now has the capacity to understand the proceedings against him and can assist in his own defense.

"3) That the accused did not know and appreciate the nature, quality and wrongfulness of his alleged conduct and was incapable of conforming his conduct to the requirements of the law.

"4) It is estimated that this patient has been suffering from mental disease or defect for at least two years prior to his commitment to the Fulton State Hospital, if not longer.

"RECOMMENDATION

"It is recommended that the accused be committed pursuant to Section 552.040 as not responsible by reason of mental disease or defect excluding responsibility.

"The accused requires psychiatric hospitalization pending further proceedings."

On December 10, 1973, the trial court entered the following order:

"Now, on this day comes Nels Moss, Assistant Circuit Attorney for the State, and the defendant herein, in person, in the custody of the Sheriff of this City, and in the presence of Joseph Langworthy, Attorney and Counsel, in open Court.

"Upon, the medical reports, dated September 13, 1971 and March 21, 1973, filed in this cause and offered as evidence, the Court finds that the defendant understands the nature of these proceedings against him and is capable of assisting his counsel in his own defense.

"Defendant waives his right to trial by jury in this cause and elects to be tried by the Court without a jury. Memo to that effect filed.

"Testimony and evidence adduced by the State. Evidence adduced by the defendant.

"Upon the testimony and evidence adduced, the Court finds beyond a reasonable doubt that the defendant committed the acts alleged and set forth in the information in this cause; and the Court further finds beyond a reasonable doubt that, at the time of the commission of these acts, the defendant had a mental disease or defect within the meaning of Sections 552.010 R.S.Mo. et seq., as amended [V.A.M.S.] and the Court further finds that the defendant, at that time, did not know or did not appreciate the nature, quality and wrongfulness of his conduct and was incapable of conforming his conduct to the requirements of law.

"Accordingly, the Court does now acquit the defendant of the present charge on the grounds that at the time the present incident occurred, the defendant had a mental disease or defect excluding responsibility for his conduct, within the meaning of Section 552.010 R.S.Mo. et seq. [V.A.M.S.].

"In Addition, since the defendant, at this time, does not contest the findings in the medical reports that defendant continues to and will continue to suffer from the same disease or defect, the Court orders that the defendant be committed to the Director of the Division of Mental Disease for the custody, care and treatment of the defendant in a State Mental Hospital; subject to defendant petitioning the Court for release at that time deemed appropriate by defendant or his representative.

"It is further ordered by the Court that the Sheriff of this City deliver the said LEO JAMES KENT, to the State Hospital No. One located at Fulton, Missouri, with such assistance as may be re-

quired. Defendant is RETAINED: at Fulton.

"It is further ordered by the Court that the care and maintenance of said defendant be taxed as costs against the City of Saint Louis, State of Missouri."

■ Appellant first asserts on appeal that the order entered on December 10, 1973, "is void because in violation of the defendant's constitutional rights against double jeopardy," under the Fifth Amendment to the United States Constitution and Article I, § 19 of the Missouri Constitution, V.A.M.S.

The question presented in this case was considered in Rucker v. United States, 109 U.S.App.D.C. 362, 288 F.2d 146 (1961). (See 49 Georgetown Law Journal 774–779.) We do not believe the United States Supreme Court has ruled the question. We do know that the Court has "explicitly declined the invitation of litigants to formulate rules based on categories of circumstances" which shall govern double jeopardy questions. United States v. Jorn, 400 U.S. 470, 480, 91 S.Ct. 547, 555, 27 L.Ed.2d 543.

In United States v. Ball, 163 U.S. 662, 666, 669, 670, 16 S.Ct. 1192, 1198, 41 L.Ed. 300 (1896), the United States Supreme Court said:

"In England, an acquittal upon an indictment so defective that, if it had been objected to at the trial, or by motion in arrest of judgment, or by writ of error, it would not have supported any conviction or sentence, has generally been considered as insufficient to support a plea of former acquittal.

\*     \*     \*     \*     \*     \*

"The American decisions in which the English doctrine has been followed have been based upon the English authorities, with nothing added by way of reasoning.

"After the full consideration which the importance of the question demands, that doctrine appears to us to be unsatisfactory in the grounds on which it proceeds, as well as unjust in its operation upon those accused of crime; and the question being now for the first time presented to this court, we are unable to resist the conclusion that a general verdict of acquittal upon the issue of not guilty to an indictment undertaking to charge murder, and not objected to before the verdict as insufficient in that respect, is a bar to a second indictment for the same killing.

"The Constitution of the United States, in the Fifth Amendment, declares, 'nor shall any person be subject to be twice put in jeopardy of life or limb.' The prohibition is not against being twice punished, but against being twice put in jeopardy; and the accused, whether convicted or acquitted, is equally put in jeopardy at the first trial. An acquittal before a court having no jurisdiction is, of course, like all the proceedings in the case, absolutely void, and therefore no bar to subsequent indictment and trial in a court which has jurisdiction of the offence [sic]. Commonwealth v. Peters, 12 Metc. (Mass.) 387; 2 Hawk.P.C. c. 35, § 3; 1 Bishop's Crim.Law, § 1028. But although the indictment was fatally defective, yet, if the court had jurisdiction of the cause and of the party, its judgment is not void, but only voidable by writ of error, and, until so avoided, cannot be collaterally impeached. If the judgment is upon a verdict of guilty, and unreversed, it stands good, and warrants the punishment of the defendant accordingly, and he could not be discharged by a writ of *habeas corpus*. Ex Parte Parks, 93 U.S. 18 [23 L.Ed. 787]. If the judgment is upon an acquittal, the defendant, indeed, will not seek to have it reversed and the government cannot. United States v. Sanges, 144 U.S. 310, 12 S.Ct. 609, [36 L.Ed. 445]. But the fact that the judgment of a court having jurisdiction of the case is practically final affords no reason for allowing its validity and conclusiveness to be impugned in another case."

In Fong Foo v. United States, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962), the petitioners were brought to trial in a Federal District Court which had jurisdiction over them and over the subject matter. In the course of the trial, the district judge entered a judgment of acquittal. The Court of Appeals for the First Circuit ordered the judgment of acquittal vacated and the case reassigned for trial. The Supreme Court reversed, and said:

"The petitioners were tried under a valid indictment in a federal court which had jurisdiction over them and over the subject matter. The trial did not terminate prior to the entry of judgment, as in Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901. It terminated with the entry of a final judgment of acquittal as to each petitioner. The Court of Appeals thought, not without reason, that the acquittal was based upon an egregiously erroneous foundation. Nevertheless, '[t]he verdict of acquittal was final, and could not be reviewed . . . without putting [the petitioners] twice in jeopardy, and thereby violating the constitution.' United States v. Ball, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300.''

We do not believe Fong Foo, supra, controls our disposition of this case because it involved an acquittal on the general question of guilt, and not, as here, on the basis of the defense of mental disease and defect.

In Pate v. Robinson, 383 U.S. 375, 378, 86 S.Ct. 836, 838, 15 L.Ed.2d 815 (1966), the United States Supreme Court said:

"The State concedes that the conviction of an accused person while he is legally incompetent violates due process, Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956), and that state procedures must be adequate to protect this right."

The state statutory procedure in Missouri is that if "the court determines that the accused lacks mental fitness to proceed,

the proceedings against him shall be suspended. . . . " § 552.020.

We held, in Ex Parte Kent, supra, that when a trial judge finds an accused incompetent to stand trial, he may then proceed only as permitted by § 552.020, and Jackson v. Indiana, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435. We doubt that the trial judge, having found Kent incompetent to stand trial on December 7, 1971, had jurisdiction, under the law announced in United States v. Ball, supra, to make an adjudication under § 552.040. If this be an accurate conclusion, then the double jeopardy clause was not violated when the order was entered on December 10, 1973. Cf. State v. Sample, supra; and Honaker v. Cox, 51 F.Supp. 829 (W.D.Mo.1943).

However, we need not speculate what the "supreme law of the land" on the question will be if, and when the United States Supreme Court decides it. On December 7, 1971, the trial judge ordered appellant committed under § 552.040. On December 10, 1973, the trial judge *again* ordered appellant committed under § 552.040. In these circumstances, appellant has suffered no prejudice, and we are able to declare a belief that the federal constitutional error, if there be one, is harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705.

■ We hold that the provisions of the Missouri Constitution have not been violated. It "is only after being acquitted *by a jury* that the state double jeopardy clause is applicable." Kansas City v. Bott, 509 S.W.2d 42, 44 (Mo. banc 1974).

■ Appellant next contends that he has been deprived of a speedy trial. The following statement from State v. Brown, Mo., 502 S.W.2d 295, 302, is applicable here:

"Appellant argues generally concerning his constitutional right to a speedy trial, and cites and relies primarily on Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). However, that case does not pertain to the requirements for

a speedy trial when a delay resulted from a lack of mental capacity of an accused to stand trial.

"In Howard v. United States, 261 F.2d 729 (5th Cir. 1958), relying on Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412 (1956), it was held that the failure to put an accused to trial because of his mental incompetency does not deprive him of the right to a speedy trial under the guarantee of the Sixth Amendment to the Constitution of the United States. See also Johnson v. United States, 333 F.2d 371 (10th Cir. 1964). When the period of mental incompetency to stand trial is not considered, appellant has made no showing of a denial of any constitutional right to a speedy trial."

■ Appellant finally asserts that § 552.040 is unconstitutional in that it violates the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution. Appellant's contentions are definitively answered in State v. Kee, 510 S.W.2d 477 (Mo. banc 1974). The assertion is without merit.

The judgment is affirmed.

MORGAN, J., concurs.

BARDGETT, J., concurs in separate concurring opinion filed.

FINCH, J., concurs in separate concurring opinion filed.

SEILER, J., concurs and concurs in separate concurring opinion of BARDGETT, J.

HOLMAN and HENLEY, JJ., concur and concur in separate concurring opinion of FINCH, J.

BARDGETT, Judge (concurring).

I concur in the opinion of Donnelly, C. J., and the result reached except for the statement that the double jeopardy clause of the Missouri Constitution · is applicable only after being acquitted by a *jury* because I do not believe it is necessary to rule that matter in this case and I question its accuracy when other provisions of our Constitution are considered.

FINCH, Judge (concurring).

I concur in the principal opinion. However, instead of limiting disposition of the claim of double jeopardy to determination that the federal constitutional error in that regard, if any, is harmless beyond a reasonable doubt, I would also expressly hold that there was no double jeopardy because the trial court had no jurisdiction to make an adjudication under § 552.040, on December 7, 1971. This is true because the trial court found Kent incompetent to stand trial on that date, and having done so, could proceed only under § 552.020 and had no jurisdiction to make an adjudication under § 552.040. As noted in the principal opinion, the Supreme Court of the United States in the case of United States v. Ball, 163 U.S. 662, 669, 16 S.Ct. 1192, 1194, 41 L.Ed. 300 (1896) said:

"An acquittal before a court having no jurisdiction is, of course, like all the proceedings in the case, absolutely void, and therefore no bar to subsequent indictment and trial in a court which has jurisdiction of the offence [sic]."