**Thomas E. JOHNSON, Appellant,**

v.

**Bill ARMONTROUT, Appellee.**

**No. 86–2121.**

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1987.

Decided June 24, 1987.

Rehearing and Rehearing En Banc Denied Aug. 6, 1987.

Roger C. Geary, Kansas City, Mo., for appellant.

Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before ARNOLD and WOLLMAN, Circuit Judges, and DUMBAULD,* Senior District Judge.

ARNOLD, Circuit Judge.

The District Court[1] dismissed Thomas Johnson's petition for habeas corpus, and he appeals. We affirm.

Johnson, a state prisoner, claims his conviction is invalid under the Double Jeopardy Clause. He was initially found not guilty by reason of insanity by a state-court judge, and was committed to a mental institution. This finding was made at Johnson's request, to which the State acceded, and thereafter the state court, in accordance with the statutes then in force, entered what was essentially an agreed judgment of acquittal by reason of insanity. Five and a half years later, Johnson brought a habeas corpus proceeding in the state courts, claiming that his commitment was invalid under state law. The state erred in agreeing to Johnson's offer to plead not guilty by reason of insanity, he argued, because Johnson himself had deviated from the statute in not giving written notice that he was relying solely on a defense of insanity. See Mo.Rev.Stat. § 552.-030.2 (1969). The Supreme Court of Missouri agreed and set aside the order of commitment. Johnson was then tried by a jury, convicted, and sentenced. This conviction, he claims, is invalid, because the former acquittal by reason of insanity bars any further prosecution.

We do not agree with this suggested application of the Double Jeopardy Clause. The previous judgment of acquittal by reason of insanity has been set aside at the

---

\* The Hon. Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. The Hon. D. Brook Bartlett, United States District Judge for the Western District of Missouri.

specific instance and request of the petitioner. His request for relief, which was granted by the Missouri Supreme Court, asked that the case be remanded for further proceedings on the criminal charge. This is exactly what has happened. In substance, petitioner has consented to a second trial, if in fact that is a proper characterization of the proceedings that occurred after his commitment was held invalid. The situation is analogous to one in which a petitioner, convicted after a trial by jury, appeals to a higher court and requests a new trial on the ground of some error that was committed in the course of the proceedings. In that situation, the Double Jeopardy Clause normally does not bar a new trial, unless the conviction is reversed on the ground of insufficiency of the evidence. Here, the ground of petitioner's attack on his commitment order was a procedural defect for which he himself, or his counsel, was just as responsible as the state and the court. It would simply make no sense for this defect to redound to petitioner's benefit to such an extent as to bar forever any proceedings against him on the criminal charge.

*Rucker v. United States*, 288 F.2d 146 (D.C.Cir.1961), is close to the present situation. There, the defendant had been found not guilty by reason of insanity. He then successfully moved to set aside this judgment on the ground of trial irregularities. He was subsequently retried and again found not guilty by reason of insanity. A plea of double jeopardy was rejected. According to the D.C. Circuit, a subsequent retrial under these circumstances contained " 'no semblance of the type of oppressive practices at which the double jeopardy prohibition is aimed.' " 288 F.2d at 147, quoting *Wade v. Hunter*, 336 U.S. 684, 688–89, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949). We agree with *Rucker*.

We hold, therefore, that the double-jeopardy argument must be rejected on the ground that petitioner, in effect, has consented to the new trial. This holding makes it unnecessary to address the ground on which the District Court based its opinion, that is, that jeopardy did not attach during the course of the initial commitment proceedings.

Johnson also argues that the Speedy Trial Clause has been violated, and that the evidence against him was constitutionally insufficient. These arguments are fully addressed in the opinion of the District Court, which we adopt in these respects. See 8th Cir. Rule 14.

We are indebted to Johnson's appointed counsel for diligent and effective service to his client and to the Court.

The judgment is

Affirmed.